# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Katherine Pratty (SBN 358504)<br>Geragos & Geragos, APC, 644 S Figueroa Street, Los Angeles, CA 90017<br>TELEPHONE NO.: 213-625-3900          FAX NO.: 213-232-3255<br>EMAIL ADDRESS: geragos@geragos.com<br>ATTORNEY FOR *(Name):* Plaintiffs, BAJAR DEJBAN and BARDIA DEJBAN | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/03/2025 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Ruiz, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV31899 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [x] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 2, 2025

Katherine Pratty

(TYPE OR PRINT NAME)                                ▶ */s/ Katherine Pratty*
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al. | 25STCV31899 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bahar Dejban, et al. vs. Elizabeth Carol Freeman et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>111 North Hill Street<br>Los Angeles, CA 90012 |
|---|---|
| CITY:<br>Los Angeles    STATE:<br>CA    ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>11/02/2025</u>                         /s/ Katherine Pratty                         ①

                                        (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/03/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

TINA GLANDIAN, SBN 251614
KATHERINE PRATTY, SBN 358504
Attorneys for Plaintiffs Bahar Dejban and Bardia Dejban

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BAHAR DEJBAN, an individual, and BARDIA DEJBAN, an individual,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ELIZABETH CAROL FREEMAN, an individual; JACKSON WALKER LLP, a limited liability partnership; MATTHEW CAVENAUGH, an individual; and DOES 1-50, inclusive;<br><br>                    Defendants. | Case No: 25STCV31899<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) FRAUDULENT INDUCEMENT AND CONCEALMENT (Civ. Code §§ 1572, 1709)<br>(2) DECEIT (Civ. Code § 1709)<br>(3) ABUSE OF PROCESS<br>(4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>(5) CIVIL CONSPIRACY<br>(6) UNFAIR COMPETITION (Bus & Prof Code § 17200 *et seq.*)<br>(7) TOM BANE CIVIL RIGHTS ACT (Civ. Code § 52.1)<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF ACTION

1.      This action arises from a deceptive and unlawful course of conduct by Defendant Jackson Walker LLP ("JW") and its attorneys, Elizabeth Freeman and Matthew Cavenaugh (collectively, "Defendants"). While purporting to represent the technology company Volusion, Inc., Defendants manipulated federal bankruptcy proceedings to advance their own interests and those of JW's clients, at the direct expense of Plaintiffs Bardia and Bahar Dejban ("Plaintiffs").

2.      Through fraud, concealment, and the most flagrant abuse of judicial process, Defendants corrupted the federal bankruptcy proceeding by deliberately filing in an improper venue to secure assignment to a judge with whom Defendant Freeman not only maintained an undisclosed intimate and secret romantic relationship with but with whom she was shacked up. Literally. Defendants, along with the Lothario Judge (motivated by his lover, roommate, and coconspirator Defendant Freeman), then shamelessly exploited the corrupt and compromised proceeding to steal Plaintiffs' right to pursue their valid California employment and tort claims in a neutral forum before a Judge who was not sleeping with opposing counsel. This judicial and litigation version of home cooking coerced the dismissal of the state action by threats of contempt and judicial retaliation presumably hatched during pillow talk by Defendant Freeman and her roommate, the now Defrocked Judge. Consequently, Plaintiffs were forced to relinquish their claims after the Lothario Judge threatened sanctions at the behest of his lover and her law firm who shamelessly used the Judge as their enforcer under the guise of being a Judge.

3.      Plaintiffs bring this action to redress Defendants' fraudulent misconduct, abuse of process, and interference with Plaintiffs' constitutional and statutory rights to a fair and impartial forum. The gravamen of this action is the wrongful deprivation of Plaintiffs' right to pursue and recover on their California causes of action in the court of proper jurisdiction. Defendants' actions destroyed Plaintiffs' valid California claims, caused significant financial and emotional harm, and undermined public confidence in the integrity of the federal judiciary.

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under Article VI, Section 10 of the California Constitution, as the causes of action asserted herein arise under California statutory and common law. Venue is proper in this county under Code of Civil Procedure § 395 because this action seeks redress for injuries caused by Defendants' wrongful acts, and those injuries were suffered in this County. Plaintiffs' California employment and tort claims—those that Defendants fraudulently interfered with and coerced Plaintiffs into dismissing—were pending in the Los Angeles Superior Court, and the harm from their dismissal was felt here. Both Plaintiffs now reside in California, where they continue to experience the financial, professional, and emotional consequences of Defendants' conduct. Because Plaintiffs brought their claims in Los Angeles County, and because Bahar Dejban lives in Los Angeles County, Los Angeles County is thus the proper venue under Code of Civil Procedure § 395(a) and is the most convenient and equitable forum for this action, as it is where the effects of Defendants' misconduct were most acutely felt, where the obstructed California proceedings were pending, and where the interests of justice and judicial economy are best served.

5.     This Court has personal jurisdiction over all Defendants pursuant to California Code of Civil Procedure section 410.10, because Defendants purposefully directed their wrongful conduct toward California and caused foreseeable harm within this state. Defendants Jackson Walker LLP, Elizabeth Freeman, and Matthew Cavenaugh knowingly and intentionally interfered with Plaintiffs' California employment and tort claims, which were being actively litigated in Los Angeles Superior Court, by filing fraudulent pleadings in a Texas bankruptcy court, concealing disqualifying conflicts of interest, and invoking judicial threats of contempt to coerce dismissal of the California action. Defendants' conduct was purposefully directed at obstructing litigation and depriving California residents of access to California courts, and the brunt of the harm was suffered in California, where Plaintiffs lost valuable causes of action and incurred financial and emotional injury. Accordingly, the exercise of jurisdiction in California comports with the state's long-arm statute and with the

COMPLAINT FOR DAMAGES

due process requirements of the U.S. Constitution, as Defendants' intentional actions created a substantial connection to California and made the exercise of jurisdiction reasonable and foreseeable.

**PARTIES**

6.     Plaintiff BAHAR DEJBAN is an individual residing in Los Angeles County, California.

7.     Plaintiff BARDIA DEJBAN is an individual residing in Ventura County, California.

8.     Defendant ELIZABETH CAROL FREEMAN is an individual residing and practicing law in Texas.  Ms. Freeman was formerly and at all relevant times a partner at JW, and is now principal of The Liz Freeman Law Firm, PLLC.

9.     Defendant MATTHEW CAVENAUGH is an individual residing and practicing law in Texas, and is, and at all relevant times was, a partner at JW.

10.    DEFENDANT JACKSON WALKER, LLP ("JW") is a limited liability partnership created and existing under the laws of the State of Texas. Upon information and belief, at least one of JW's partners, Russell A. Miller, is domiciled in California. Mr. Miller attended both undergraduate and law school in California, is admitted to practice before the State Bar of California, the United States District Court for the Northern District of California, and the United States Court of Appeals for the Ninth Circuit. His publicly available professional profile identifies his current location as San Franscisco, CA, and provides that his position as Partner at JW is a hybrid position. Accordingly, JW is, upon information and belief, a citizen of both Texas and California.

11.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants

1    were, at relevant times, an employee or agent of the named defendants, and were responsible

2    in some manner for the occurrences herein.

3          12.    At all times mentioned in this complaint, unless otherwise alleged, each

4    defendant was the agent, partner, or employee of every other defendant, and in doing the acts

5    alleged in this complaint, was acting within the course, scope and authority of that agency,

6    partnership, or employment and tort, and with the knowledge and consent of each of the other

7    defendants.

8                                                                          **FACTUAL ALLEGATIONS**

9          13.    Plaintiff Bardia Dejban joined Volusion in 2016 as Chief of Staff. During his

10    tenure, he earned a series of promotions—first to Chief Technology Officer, then to Chief

11    Operations Officer, and ultimately, in 2019, to Chief Executive Officer. Under his leadership,

12    Volusion strengthened its financial position and enhanced its technology and product offerings.

13          14.    In early 2019, prior to Bardia's promotion to CEO, Volusion's General Counsel

14    provided notice of their departure. Bardia's twin sister, Plaintiff Bahar Dejban, expressed

15    interest in the position. After obtaining authorization from Volusion's then-CEO for Bahar to

16    apply, she submitted her resume for consideration. Her application was reviewed by the then-

17    CEO and Volusion's Board of Directors, who approved her hiring. Bahar Dejban began her

18    tenure as Volusion's General Counsel in March 2019.

19          15.    Throughout 2019, Volusion's principal investor, Main Street Capital ("Main

20    Street"), expressed concerns regarding company performance.    In response, Bardia

21    implemented significant operational and financial improvements—doubling Volusion's cash

22    reserves and directing the development of an innovative e-commerce platform. By early 2020,

23    Volusion was solvent, growing, and in no financial distress; bankruptcy was neither necessary

24    nor contemplated by management.

25          16.    In mid-2020, Volusion's Board of Directors was replaced. The newly constituted

26    Board subjected both Plaintiffs to discriminatory treatment and ultimately terminated them

27

COMPLAINT FOR DAMAGES

without notice or cause. Immediately thereafter, Volusion retained Jackson Walker LLP ("JW") as outside counsel, with JW attorney Elizabeth Freeman assuming the key advisory role.

17.    On July 27, 2020, Defendant Matthew Cavenaugh, acting on behalf of JW, signed and filed a Chapter 11 bankruptcy petition for Volusion in the Southern District of Texas. The petition falsely asserted that Volusion's principal place of business was located within that district and that venue was proper there. In truth, Volusion's headquarters and primary operations were in Austin, Texas, squarely within the Western District of Texas. JW also misclassified the case as "non-complex," ensuring its assignment to Chief Bankruptcy Judge David R. Jones.

18.    At the time of filing, then-JW partner Elizabeth Freeman was engaged in a longstanding romantic relationship with Judge Jones, dating back to her clerkship in his chambers. Judge Jones did not recuse himself and neither he, Freeman, nor JW disclosed this relationship to the court or any of the parties including Plaintiffs. This undisclosed conflict of interest guaranteed JW's appearance before a sympathetic and biased judge.

19.    Since the relationship was made public in 2023, Judge Jones has left the bench, and the U.S. Trustee has moved to claw back millions in fees from JW. *See A Star Bankruptcy Judge's Downfall: Bloomberg Law Investigation*, BLOOMBERG LAW (Jul. 24, 2024), https://news.bloomberglaw.com/bankruptcy-law/a-star-bankruptcy-judges-downfall-bloomberg-law-investigation; Kathryn Rubino, *Controversy Over Judge's Secret Romance Heads to Trial*, ABOVE THE LAW (Jul. 16, 2024), https://abovethelaw.com/2025/07/controversy-over-judges-secret-romance-heads-to-trial/ ("the Department of Justice sued Freeman's former firm to try to disgorge up to $23 million in fees it collected in the 33 cases overseen by Jones while he was involved with Freeman and alleging the firm breached its ethical duties by not disclosing the relationship").

20.    Following their terminations, Plaintiffs filed an action in Los Angeles Superior Court in March 2021 asserting employment and tort claims against Volusion's new Board

members and affiliated entities. In turn, JW sought to use the Texas bankruptcy proceeding to bar Plaintiffs' California claims.

21.    Throughout 2020 and 2021, Defendants repeatedly told Plaintiffs that pursuing their California case would subject them to contempt sanctions, and they could never prevail against Judge Jones. Defendants' wrongful conduct culminated in the coercion of Plaintiffs to dismiss their independent California employment and tort claims against Volusion's individual Board members and related parties—claims that were wholly outside the scope of the bankruptcy proceeding.

22.    Acting in concert with Defendants, Judge Jones leveraged his judicial authority to intimidate Plaintiffs and their counsel. At hearings on July 6 and August 2, 2021, he threatened contempt if Plaintiffs continued their California litigation, echoing positions advanced by JW.

23.    Defendants subsequently filed a motion to enforce a confirmation order issued by Judge Jones in April 2021 and a motion for contempt in July 2021—both intended to coerce Plaintiffs into abandoning their California claims. These filings had no legitimate bankruptcy purpose and served solely as leverage to compel dismissal.

24.    Through their acts of intimidation, concealment, and misrepresentation, Defendants induced Plaintiffs to extend a release in the bankruptcy settlement that improperly encompassed those non-debtor individuals and entities. The resulting damage to Plaintiffs did not stem from the amount of the settlement itself, but from being fraudulently compelled to forfeit valuable California claims against separate, non-bankrupt parties. By orchestrating this outcome, Defendants protected their clients and the released insiders from liability and deprived Plaintiffs of their right to pursue full recovery in the California courts. These representations were false and misleading. Defendants concealed both the improper venue manipulation and the undisclosed Freeman–Jones relationship that ensured judicial bias in the Texas proceeding.

COMPLAINT FOR DAMAGES

25.    Based on the repeated threats from Defendants and the court, and relying on Defendants' misrepresentations, Plaintiffs ultimately dismissed their California claims and entered into a coerced and unenforceable release of these claims. The later public disclosure of the Freeman–Jones relationship confirmed that the proceedings before Judge Jones had been fundamentally compromised by bias and undisclosed conflicts of interest, and that Plaintiffs' dismissal of their California action was the direct product of Defendants' fraud and abuse of process rather than any legitimate judicial order. As a result, Plaintiffs were wrongfully deprived of their right to pursue and recover on their California claims in a neutral forum, causing severe financial, professional, and emotional harm.

26.    As a direct and proximate result of Defendants' fraudulent conduct and abuse of process, Plaintiffs were deprived of their right to a neutral forum, denied the fair adjudication of their valid California claims, and suffered severe economic losses, reputational harm, and emotional distress.

27.    Plaintiffs are informed and believe, and based thereon allege, that all statutes of limitations applicable to all causes of action alleged in this Complaint are tolled under the doctrines of delayed discovery, equitable estoppel, and fraudulent concealment.

28.    On October 13, 2023, the Fifth Circuit opened a judicial misconduct investigation of Judge Jones, and he quickly submitted his resignation three days later, on October 16, 2023.

29.    In light of the news breaking about the intimate relationship between Freeman and Jones, on November 2, 2023, the U.S. Trustee filed several Fed. R. Civ. P. 60(b)(6) motions against Jackson Walker in U.S. Bankruptcy Court.

30.    Until November 2, 2023, when the U.S. Trustee publicly identified Volusion among the bankruptcy petitioners improperly represented by JW due to Freeman's undisclosed affiliation with Judge Jones, Plaintiffs had neither actual nor constructive notice of the facts giving rise to their claims.

31.     Throughout the relevant period, Defendants actively concealed the existence and nature of Freeman's romantic relationship with Judge Jones, as well as the venue manipulation and bias that infected the Volusion bankruptcy proceedings.

32.     Defendants' concealment was intentional and calculated to prevent discovery of their wrongdoing and to preserve the illusion that the bankruptcy process and resulting orders were legitimate.

33.     Plaintiffs exercised reasonable diligence at all times. Prior to the United States Attorney's briefing, Plaintiffs had no reason to suspect that the bankruptcy court's threats of contempt or the coercive release and dismissal process were the product of collusion between Defendants and the presiding judge. Defendants' superior access to information, professional authority as attorneys, and the apparent legitimacy of the judicial proceedings made discovery of the fraud impossible without public disclosure of the underlying facts.

34.     Accordingly, the statutes of limitations on all causes of action alleged herein did not begin to run until November 2023 or later, when Plaintiffs first discovered—or reasonably could have discovered—the facts constituting the fraud, abuse of process, and other wrongful acts described in this Complaint.

35.     Because Defendants affirmatively concealed their wrongdoing and created a false appearance of judicial legitimacy, the limitations periods were tolled until November 2, 2023, and Defendants are equitably estopped from asserting any statute of limitations defense. //

## **FIRST CAUSE OF ACTION**

### **(Against All Defendants)**

### **Fraudulent Inducement and Concealment**

### **(Civ. Code §§ 1572, 1709)**

36.     Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

37.    Defendants, as attorneys and officers of the court, owed Plaintiffs duties of honesty, candor, and disclosure when communicating about the Volusion bankruptcy, its venue, and its effect on Plaintiffs' legal rights and claims.

38.    Defendants intentionally concealed and failed to disclose material facts from Plaintiffs, including but not limited to:

        a.    That the Chapter 11 bankruptcy petition for Volusion, Inc. was filed in an improper venue—the Southern District of Texas—contrary to federal law and venue rules;

        b.    That Defendant Elizabeth Freeman maintained a longstanding romantic relationship with Chief Bankruptcy Judge David R. Jones, who was assigned to preside over the Volusion bankruptcy;

        c.    That Defendants deliberately manipulated the case assignment process by mis-designating the matter as "non-complex" to ensure assignment to Judge Jones; and

        d.    That as a result of these undisclosed relationships and manipulations, the Texas bankruptcy proceeding was tainted by judicial bias and lacked impartiality.

39.    Defendants actively suppressed these facts with the intent to mislead Plaintiffs and induce reliance.

40.    After the case was steered to Chief Bankruptcy Judge Jones, Freeman and other JW attorneys made affirmative misrepresentations, including during the run-up to mediation, that the Texas bankruptcy was proper, fair, and binding on Plaintiffs' California claims, that Judge Jones's orders were lawful and enforceable, that Plaintiffs would never win before Judge Jones, that continuing to litigate in California would expose Plaintiffs to contempt or sanctions, and that dismissal of their California claims and release in a Texas bankruptcy was their only realistic option.

41.     Defendants made these misrepresentations and concealments knowingly and with intent to induce reliance, in order to pressure Plaintiffs to abandon their pending Los Angeles Superior Court action and relinquish their California employment and tort claims under coercion in the tainted Texas Bankruptcy forum. Defendants' conduct deprived Plaintiffs of their right to a neutral tribunal and the opportunity to fully litigate and recover on those California claims. Additionally, and as a direct result, Plaintiffs were coerced to dismiss their claims under threat of sanctions in the tainted Texas bankruptcy forum.

42.     Defendants knew that the concealed facts were material, as disclosure of the improper venue and the Freeman–Jones relationship would have revealed the bankruptcy proceeding's illegitimacy and deprived Defendants of their strategic advantage. Had Plaintiffs known these facts, they would not have dismissed their California claims.

43.     Plaintiffs reasonably relied on Defendants' representations and omissions, believing the bankruptcy proceeding was legitimate, that the court was impartial, and that they would face real judicial jeopardy if they continued their California litigation. Plaintiffs' reliance was justified given Defendants' positions as officers of the court and the authority of a sitting Chief Bankruptcy Judge.

44.     As a direct and proximate result of Defendants' fraudulent concealment and inducement, Plaintiffs suffered substantial damages, including but not limited to the loss of their right to litigate in a neutral California forum, the loss of the fair value of their employment and tort claims, and severe emotional distress, reputational harm, and other consequential damages according to proof at trial.

45.     Defendants' conduct was willful, oppressive, and malicious, undertaken with conscious disregard for Plaintiffs' rights and the integrity of the judicial process, warranting punitive damages under Civil Code § 3294.

## SECOND CAUSE OF ACTION

### (Against All Defendants)

### Deceit (Civ. Code § 1709)

46.    Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

47.    Throughout the Volusion bankruptcy proceedings, JW and Elizabeth Freeman intentionally concealed Freeman's longstanding romantic relationship with Chief Bankruptcy Judge David R. Jones.

48.    Defendants also knowingly made false representations and concealed material facts intending that Plaintiffs rely upon them, including that:

        a.    Venue in the Southern District of Texas was proper;

        b.    Judge Jones was an impartial adjudicator;

        c.    Plaintiffs would face contempt or sanctions if they pursued their California claims.

49.    Each of these representations was false when made. Defendants knew, or should have known, that the bankruptcy had been engineered through fraud and that the presiding judge's undisclosed conflict rendered the process illegitimate.

50.    In fact, Freeman and Jones' relationship rendered Judge Jones disqualified under governing judicial ethics rules.

51.    This concealment was not accidental; it was deliberate and strategic, undertaken to preserve a favored forum and to ensure rulings favorable to JW's client Volusion and adverse to Plaintiffs.

52.    The concealment misled Plaintiffs into believing that the proceedings were impartial and legitimate. Had the relationship been disclosed and had jurisdiction been properly laid, Judge Jones would never have proceeded over Plaintiffs' claims, and Plaintiffs would have proceeded in a neutral forum.

COMPLAINT FOR DAMAGES

53.     Plaintiffs justifiably relied on Defendants' deceit and dismissed their California case.

54.     As a proximate result of Defendants' deceit, Plaintiffs have suffered substantial general, special, and consequential damages according to proof at trial, including the economic value of their lost claims and reputational and emotional injury.

55.     Because Defendants acted with fraud, oppression, and malice, Plaintiffs are entitled to punitive and exemplary damages under Civil Code § 3294.

### THIRD CAUSE OF ACTION

#### (Against All Defendants)

#### Abuse of Process

56.     Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

57.     Defendants willfully and improperly used judicial processes for a purpose not justified by law. Specifically, Defendants abused federal bankruptcy procedures to achieve objectives wholly unrelated to the legitimate adjudication of Volusion, Inc.'s financial affairs.

58.     Defendants' improper use of process included, without limitation:

    a.     Filing a Chapter 11 bankruptcy petition in an improper venue—the Southern District of Texas—in violation of federal venue rules, for the purpose of ensuring assignment to a judge with whom Defendant Freeman maintained a concealed romantic relationship;

    b.     Manipulating the case designation to ensure the matter was deemed "non-complex," thereby routing it to Chief Bankruptcy Judge David R. Jones;

    c.     Using the bankruptcy forum as a weapon to block Plaintiffs' pending California employment and tort claims and to interfere with their access to a fair and neutral tribunal;

d.   Filing motions to enforce a confirmation order and for contempt, not for any legitimate bankruptcy purpose, but solely to intimidate and coerce Plaintiffs into dismissing their California action; and

e.   Leveraging judicial threats and pressure—including threats of contempt and sanctions from Judge Jones acting in concert with Defendants—to force Plaintiffs to abandon their lawful claims.

59.   Defendants' actions constituted a perversion of the judicial process: they invoked the authority of the federal bankruptcy court not to resolve genuine bankruptcy issues, but to harass, intimidate, and economically destroy Plaintiffs, thereby securing an improper advantage.

60.   Plaintiffs suffered substantial harm as a direct and proximate result of Defendants' abuse of process, including the deprivation of their right to pursue valid claims in a neutral state forum, the loss of the fair value of their employment and tort claims, financial losses arising from the coerced dismissal and release of their California claims, and emotional distress, reputational injury, and related damages according to proof at trial.

61.   Defendants' conduct was intentional, malicious, and fraudulent, undertaken with conscious disregard for Plaintiffs' rights and for the integrity of the judicial system. Plaintiffs are therefore entitled to an award of punitive and exemplary damages under Civil Code § 3294.

## FOURTH CAUSE OF ACTION

### (Against All Defendants)

### Intentional Interference with Prospective Economic Advantage

62.   Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

63.   At all relevant times, Plaintiffs Bardia Dejban and Bahar Dejban possessed valid and existing economic relationships and prospective business advantages, including ongoing and anticipated contractual, professional, and employment opportunities arising from their leadership roles and reputations in the technology and e-commerce sectors.

14

64.     Plaintiffs also had pending and prospective economic claims in their California state-court action, including tort and employment causes of action against Volusion's new Board members and affiliated entities, which had substantial monetary value and directly impacted Plaintiffs' professional and financial futures.

65.     Defendants knew of these economic relationships and expectancies. Defendants were fully aware that Plaintiffs' California litigation sought to vindicate valuable rights and recover significant damages for wrongful termination and related torts.

66.     With knowledge of these relationships and expectancies, Defendants intentionally engaged in wrongful conduct designed to disrupt them, including but not limited to:

    a.      Filing and prosecuting a bankruptcy case in an improper venue to obtain a favorable and biased forum;

    b.      Concealing the romantic relationship between Defendant Freeman and the presiding judge, thereby ensuring judicial bias;

    c.      Using fraudulent misrepresentations and coercive tactics to pressure Plaintiffs to dismiss their California action; and

    d.      Filing meritless enforcement and contempt motions solely to intimidate Plaintiffs and obstruct their pursuit of legitimate economic recovery.

67.     Defendants' conduct was independently wrongful—including fraud, concealment, and abuse of judicial process—and undertaken with the deliberate intent to disrupt and destroy Plaintiffs' economic relationships and opportunities.

68.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs' economic relationships and expectancies were disrupted and destroyed. Plaintiffs were coerced into dismissing their California lawsuit, thereby losing substantial financial benefits, career opportunities, and goodwill.

69.     Plaintiffs have suffered, and continue to suffer, severe economic loss, reputational harm, and emotional distress, in an amount to be proven at trial.

15

COMPLAINT FOR DAMAGES

70.    Defendants' actions were willful, malicious, and fraudulent, carried out with intent to injure Plaintiffs and in conscious disregard for their rights. Plaintiffs therefore seek punitive and exemplary damages pursuant to Civil Code § 3294.

### FIFTH CAUSE OF ACTION

**(Against All Defendants)**

**Civil Conspiracy**

71.    Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

72.    Beginning no later than July 2020, Defendants Freeman, Cavenaugh, and JW, acting in concert and in coordination with then–Chief Bankruptcy Judge David R. Jones, knowingly entered into and participated in an agreement to engage in unlawful conduct that would:

a.    Secure assignment of Volusion, Inc.'s Chapter 11 case to a biased judge with whom Defendant Freeman maintained an undisclosed romantic relationship;

b.    Conceal that relationship and the resulting judicial conflict from Plaintiffs and the court;

c.    Manipulate the bankruptcy process to block Plaintiffs' pending California employment and tort claims; and

d.    Coerce Plaintiffs into abandoning those claims.

73.    In furtherance of the conspiracy, Defendants and their co-conspirators committed numerous overt acts, including but not limited to:

a.    Filing Volusion's bankruptcy petition in the improper venue of the Southern District of Texas, contrary to federal venue law;

b.    Mis-designating the case as "non-complex" to ensure assignment to Judge Jones;

16

      c.    Concealing the existence and nature of the romantic relationship between Freeman and Judge Jones;

      d.    Advising Plaintiffs that the bankruptcy court's orders barred them from pursuing their California action and that failure to comply would result in contempt or sanctions; and

      e.    Filing meritless motions to enforce and for contempt for the purpose of intimidation and coercion, rather than any legitimate bankruptcy objective.

74.    Acting under color of judicial authority, Judge Jones repeatedly advanced Defendants' objectives by issuing and echoing threats of contempt, warning Plaintiffs and their counsel that continued litigation in California would be punished.

75.    Defendants reinforced those threats through their own statements and filings, insisting that Plaintiffs could never win before Judge Jones and that their only option was to capitulate and settle.

76.    To maximize pressure, Defendants invoked the machinery of the bankruptcy court, filing motions to enforce the confirmation order in April 2021 and for contempt in July 2021, neither of which had any legitimate purpose other than to intimidate Plaintiffs. These acts, together with Defendants' repeated misrepresentations and strategic concealments, were carried out in furtherance of their shared goal: to prevent Plaintiffs from pursuing their claims in a neutral forum in order to eliminate exposure for their client in a corrupt one.

77.    Each Defendant had full knowledge of the wrongful nature of the acts described above, and each agreed, expressly or impliedly, to participate in and further the common plan.

78.    The unlawful objects of the conspiracy included fraud, deceit, and abuse of judicial process—all independently wrongful acts under California law. Defendants' conspiracy was designed to deny Plaintiffs a neutral forum, destroy their California claims, and thereby unjustly enrich Defendants for reducing their client's exposure.

79.    As a direct and proximate result of Defendants' conspiracy and the wrongful acts committed in furtherance thereof, Plaintiffs were deprived of their right to a fair and impartial

forum, coerced into dismissing their California lawsuit, and suffered substantial damages, including economic losses equal to the fair value of their wrongfully suppressed claims, reputational and professional harm, and emotional distress and other consequential damages according to proof at trial.

80.    Each Defendant is jointly and severally liable for the acts of every other Defendant undertaken in furtherance of this conspiracy.

81.    Defendants' conduct was malicious, fraudulent, and oppressive, carried out with conscious disregard for Plaintiffs' rights and for the integrity of the judicial system. Plaintiffs therefore seek punitive and exemplary damages under Civil Code § 3294.

## SIXTH CAUSE OF ACTION

### (Against All Defendants)

### Unfair Competition (Bus. & Prof. Code § 17200 *et seq.*)

82.    Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

83.    Defendants' conduct was unlawful because it violated multiple California statutes and common-law duties, including but not limited to Civil Code §§ 1572 and 1709, prohibiting fraud and deceit, common-law prohibitions against fraudulent concealment, fraudulent inducement, and abuse of process, and the Rules of Professional Conduct governing California-licensed attorneys, including the duties of candor toward the tribunal, disclosure of conflicts, and avoidance of deceit or collusion in judicial proceedings.

84.    Defendants, while acting as attorneys and officers of the court, manipulated a federal bankruptcy proceeding for their own and their clients' benefit, concealing a judicial conflict of interest and corrupting a forum in order to destroy Plaintiffs' valid California claims.

85.    Defendants' conduct was also unfair within the meaning of Business & Professional Code section 17200 *et seq.* because it offended established public policy and was immoral, oppressive, and substantially injurious to California consumers of legal services and litigants alike.

86.    By concealing the romantic relationship between Defendant Freeman and Chief Bankruptcy Judge Jones, filing in an improper venue to guarantee a favorable assignment, and using the authority of the court to intimidate and coerce Plaintiffs, Defendants engaged in conduct that undermines public confidence in the integrity of both the judicial system and the legal profession.

87.    These acts conferred an unfair competitive advantage on Defendants and their firm, enabling them to secure and maintain lucrative client relationships and outcomes through unethical and unlawful means unavailable to honest practitioners.

88.    Defendants' conduct was also fraudulent within the meaning of section 17200 *et seq.* because it was likely to deceive members of the public, clients, courts, and opposing parties. Defendants falsely represented that the Texas bankruptcy was properly venued, neutral, and binding upon Plaintiffs, and that Plaintiffs faced judicial sanctions if they pursued their California claims.

89.    Members of the public and the legal community reasonably expect attorneys and law firms to disclose judicial conflicts and to act with honesty and transparency in court proceedings. Defendants' deception violated those expectations and misled not only Plaintiffs but the courts themselves.

90.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiffs suffered substantial injury in fact, including the loss of money and property in California, the loss of the economic value of their California employment and tort claims, attorneys' fees and costs expended responding to Defendants' fraudulent motions, and consequential financial, emotional, and reputational harm.

91.    Plaintiffs are California residents whose economic injuries and losses were suffered in this state. Accordingly, they are "persons" within the meaning of Business and Professions Code section 17204 and have standing to bring this action.

## **SEVENTH CAUSE OF ACTION**

### **(Against All Defendants)**

### **Tom Bane Civil Rights Act (Civ. Code § 52.1)**

92.     Plaintiffs reallege and incorporate by reference all prior paragraphs as though fully set forth herein.

93.     Defendants Freeman, Cavenaugh, and JW, acting in concert with Chief Bankruptcy Judge David R. Jones, knowingly used the power and authority of the federal court system to threaten, intimidate, and coerce Plaintiffs into relinquishing their protected rights, including:

       a.    Their right to petition the courts of California for redress of grievances;

       b.    Their right to due process and a fair and impartial tribunal; and

       c.    Their right to equal protection of the laws, free from corrupt or biased judicial proceedings.

94.     Specifically, Defendants conspired to manipulate the venue and assignment of Volusion's bankruptcy case to ensure it would be presided over by Judge Jones—Freeman's undisclosed romantic partner—and then used that tainted forum to threaten Plaintiffs with contempt and sanctions should they continue pursuing their California litigation.

95.     In particular, at hearings held on or about July 6, 2021 and August 2, 2021, Judge Jones, echoing positions advanced by Defendants, threatened contempt and financial penalties against Plaintiffs and their counsel if they persisted in prosecuting their California action. Defendants reinforced these threats in direct communications, advising Plaintiffs that resistance would result in punitive judicial action.

96.     These threats and acts of coercion were intentional, unlawful, and undertaken to suppress Plaintiffs' exercise of their legal rights. Plaintiffs were thereby compelled, through fear of judicial reprisal, to dismiss and abandon their California claims under threat of sanctions in the corrupted Texas proceeding.

97.    Defendants' conduct constituted threats, intimidation, and coercion within the meaning of Civil Code § 52.1(b) because it employed the color and authority of law to chill Plaintiffs' free exercise of fundamental constitutional and statutory rights.

98.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injury, including loss of access to a neutral state forum and of their right to petition the California courts, loss of money and property through coerced dismissal of their claims, and severe emotional distress, humiliation, and reputational harm.

99.    Defendants' acts were malicious, oppressive, and fraudulent, warranting punitive and exemplary damages pursuant to Civil Code § 52(b)(1).

100.    Under Civil Code § 52.1(h), Plaintiffs are entitled to attorneys' fees and costs, together with compensatory and punitive damages and civil penalties as allowed by law.

101.    Plaintiffs further seek injunctive relief prohibiting Defendants from engaging in any future conduct that interferes, through threats, intimidation, or coercion, with Plaintiffs' or others' exercise of protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Bardia and Bahar Dejban pray for judgment against Defendants as follows:

(1) For general damages in an amount to be determined by proof at trial;

(2) For special damages in an amount to be determined by proof at trial including but not limited to loss of employment-related income, professional opportunities, and the fair value of Plaintiffs' California tort and employment claims wrongfully suppressed through fraud and coercion;

(3) For restitution and disgorgement of all monies, profits, and benefits Defendants wrongfully obtained through their unlawful, unfair, and fraudulent business practices, pursuant to Business and Professions Code § 17203;

(4) For injunctive relief**,** enjoining Defendants, and all persons acting in concert with them, from engaging in any further unlawful, unfair, or fraudulent business practices;

from concealing judicial conflicts of interest; and from using threats, intimidation, or coercion to interfere with litigants' rights to petition and due process;

(5) For statutory damages, civil penalties, and attorneys' fees under Civil Code § 52.1 (Tom Bane Civil Rights Act), including punitive and exemplary damages as authorized by law;

(6) For punitive and exemplary damages under Civil Code § 3294, in an amount sufficient to punish Defendants and deter similar misconduct, for their willful, malicious, oppressive, and fraudulent conduct;

(7) For costs of suit;

(8) For prejudgment and post-judgment interest at the legal rate from the date of injury until paid in full; and

(9) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Bardia and Bahar Dejban hereby demand a jury trial on all claims for relief.

Dated:  November 2, 2025                    GERAGOS & GERAGOS, APC


 /s/ *Katherine Pratty*
KATHERINE PRATTY

*Attorneys for Plaintiffs*
*Bardia Dejban and Bahar Dejban*

| | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|---|

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles
11/03/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ S. Ruiz _____ Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
25STCV31899

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kristin S. Escalante | 2 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 11/03/2025
(Date)

By S. Ruiz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*