FILED
CLERK, U.S. DISTRICT COURT

3/31/26

CENTRAL DISTRICT OF CALIFORNIA
BY_____CS_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR DEJBAN and BARDIA DEJBAN, individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>ELIZABETH C. FREEMAN, an individual; JACKSON WALKER LLP, a limited liability partnership; MATTHEW CAVENAUGH, an individual; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-11662-MEMF-AJR<br><br>**DEFENDANT ELIZABETH C. FREEMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |

### NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on May 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8B of the United States District Court for the Central District of California, located at the First Street U.S. Courthouse, 350 West First Street, Los Angeles, California 90012, Defendant Elizabeth C. Freeman ("Freeman") requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice. This Motion is made under Federal Rule of Civil Procedure 12(b)(6) and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such oral argument as the Court may permit.

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................3

    A.  The Volusion Bankruptcy and the Dejbans' Settlement ......................................................3

    B.  The Jones-Freeman Relationship........................................................................................4

    C.  The Present Action .............................................................................................................4

III. LEGAL STANDARD...........................................................................................................5

IV. ARGUMENT .......................................................................................................................6

    A.  The Bankruptcy Court's Stipulation and Agreed Order Bars This Action .......................6

        1.  The Stipulation and Agreed Order Is a Final Judgment on the Merits.......................6

        2.  The Exclusive Jurisdiction Clause Forecloses This Lawsuit.......................................7

        3.  The Collateral Attack Doctrine Forecloses This Lawsuit...........................................7

        4.  The Proper Remedy Is a Rule 60(b) Motion .............................................................7

        5.  Until the Order Is Vacated, It Binds the Dejbans .........................................................8

    B.  Every Cause of Action Constitutes an Impermissible Collateral Attack.........................8

    C.  Allegations of Fraud Do Not Excuse the Collateral Attack ............................................8

        1.  Rule 60(b)(3) Provides the Remedy for Fraud .................................................................8

        2.  Fraud on the Court Requires an Unconscionable Scheme ...........................................9

        3.  Accepting the Dejbans' Theory Would Render the Doctrine Meaningless .............9

    D.  The Complaint Fails to State a Claim on the Merits .......................................................9

        1.  The Fraud Claims Fail Under Rule 9(b) .........................................................................9

        2.  The Complaint Does Not Allege Freeman's Direct Involvement...........................10

        3.  The Complaint Does Not Adequately Allege Causation .........................................10

V. CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abatti v. Commissioner of Internal Revenue,*
859 F.2d 115 (9th Cir. 1988)..................................................................................................9

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)............................................................................................... 5, 10, 11

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007).............................................................................................................5

*Celotex Corp. v. Edwards,*
514 U.S. 300 (1995).............................................................................................................7

*In re Grantham Bros.,*
922 F.2d 1438 (9th Cir. 1991)..............................................................................................7

*In re Intermagnetics America, Inc.,*
926 F.2d 912 (9th Cir. 1991)................................................................................................9

*In re International Nutronics, Inc.,*
28 F.3d 965 (9th Cir. 1994)...............................................................................................7, 8

*Rein v. Providian Financial Corp.,*
270 F.3d 895 (9th Cir. 2001)................................................................................................6

*United States v. Beggarly,*
524 U.S. 38 (1998)...............................................................................................................8

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003)................................................................................. 5, 9, 10

**Rules and Statutes**

28 U.S.C. § 1441(a).................................................................................................................4

Cal. Bus. & Prof. Code § 17200.............................................................................................4

Cal. Civ. Code § 52.1.............................................................................................................4

Cal. Civ. Code § 1710.............................................................................................................4

Fed. R. Civ. P. 9(b)....................................................................................................... 5, 9, 10

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 5

Fed. R. Civ. P. 60(b)....................................................................................................... 1, 7, 8

Fed. R. Civ. P. 60(b)(3)........................................................................................................8, 9

Fed. R. Civ. P. 60(b)(6)........................................................................................................1, 7

3

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I. INTRODUCTION

This case is an impermissible collateral attack on a final federal court order. Plaintiffs Bahar and Bardia Dejban (the "Dejbans") previously settled their claims through a comprehensive Confidential Settlement Agreement and Release of All Claims. That settlement was memorialized in a Stipulation and Agreed Order entered by the United States Bankruptcy Court for the Southern District of Texas in the chapter 11 case of Volusion, LLC, Case No. 20-50082. The Bankruptcy Court entered the Stipulation and Agreed Order on February 7, 2022 (Dkt. No. 317), allowing the Bardia Dejban Claim at $1,170,000 and the Bahar Dejban Claim at $1,080,000 as general unsecured claims. That order remains binding unless and until it is vacated through proper legal channels.

Rather than pursue the proper remedy—a motion under Federal Rule of Civil Procedure 60(b) in the court that entered the order—the Dejbans filed this action in a different federal district, seeking to relitigate claims they already released. This lawsuit is barred by the collateral attack doctrine, and the Complaint fails to state a claim on the merits.

The Stipulation and Agreed Order itself confirms the proper forum. Paragraph 8 provides: "The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order." The Dejbans consented to exclusive jurisdiction in the Bankruptcy Court. They cannot now circumvent that consent by pursuing those claims and related claims in the Central District of California.

The United States Trustee has already filed Rule 60(b)(6) motions in the Bankruptcy Court to address concerns arising from the undisclosed relationship

between the presiding bankruptcy judge and Freeman. Those motions remain pending. The Dejbans, by contrast, have filed no such motion—and indeed voluntarily dismissed a prior appeal from the Bankruptcy Court's orders. Their decision to file this separate lawsuit in a different district is precisely the kind of procedural end-run the collateral attack doctrine prohibits.

For the reasons set forth below, the Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### A. The Volusion Bankruptcy and the Dejbans' Settlement

On July 27, 2020, Volusion, LLC, an e-commerce software company, filed a voluntary petition for chapter 11 bankruptcy relief in the Bankruptcy Court for the Southern District of Texas, Laredo Division. Bankr. Case No. 20-50082. The case was assigned to the Bankruptcy Judge David R. Jones.

The Dejbans held employment-related and tort claims against Volusion arising from their prior relationship with the company. They filed proofs of claim in the bankruptcy and initiated a separate state court action in California, which violated the automatic stay in the Volusion chapter 11 case. Following extended litigation and negotiation, the Dejbans entered into a Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement") with the Reorganized Debtor.

The Settlement Agreement was memorialized in a Stipulation and Agreed Order filed with the Bankruptcy Court. On February 7, 2022, the Bankruptcy Court entered the Stipulation and Agreed Order (Dkt. No. 317), which allowed the Bardia Dejban Claim at $1,170,000 and the Bahar Dejban Claim at $1,080,000 as general unsecured claims, and provided that all other claims of either Dejban, "whether filed in the Bankruptcy Court or not," were "deemed fully satisfied or disallowed." Stip. & Agreed Order ¶ 3.

The Stipulation and Agreed Order further provides that the "Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order." Stip. & Agreed Order ¶ 8.

### B.  The Jones-Freeman Relationship

In October 2023, it became public that Judge Jones had maintained a personal and romantic relationship with Freeman. Judge Jones subsequently resigned from the bench. The revelation raised questions about whether his judicial decisions—including entry of the Dejbans' Stipulation and Agreed Order—were influenced by the relationship.

In response, the United States Trustee filed Rule 60(b)(6) motions in the Bankruptcy Court seeking to reopen and vacate various orders entered during the period of the undisclosed relationship, including orders in the Volusion bankruptcy. Those motions remain pending.

### C.  The Present Action

On November 2, 2025, the Dejbans filed a complaint in Los Angeles Superior Court against Freeman, Jackson Walker LLP, Matthew Cavenaugh, and various Doe defendants. The case was removed to this Court under 28 U.S.C. § 1441(a). The Complaint asserts seven California-law causes of action: (1) fraudulent inducement/concealment, (2) deceit under California Civil Code § 1710, (3) abuse of process, (4) intentional interference with prospective economic advantage, (5) civil conspiracy, (6) unfair competition under California Business and Professions Code § 17200, and (7) violation of the Tom Bane Civil Rights Act, California Civil Code § 52.1. Each claim is rooted in the theory that the Bankruptcy Court proceedings were

compromised by Judge Jones's undisclosed relationship with Freeman and that the Dejbans were coerced into settling as a result.

Critically, the Dejbans have not filed a Rule 60(b) motion in the Bankruptcy Court to vacate the Stipulation and Agreed Order. They voluntarily dismissed a prior appeal of Bankruptcy Court orders in the Southern District of Texas. They have instead filed this separate lawsuit in a different federal district, asking this Court to disregard a final order of another federal court.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by conclusory statements, are insufficient. *Id.*

In ruling on a 12(b)(6) motion, the Court may take judicial notice of matters of public record, including orders and proceedings of other courts. The Bankruptcy Court's Stipulation and Agreed Order is a matter of public record properly considered here.

Where a complaint is "grounded in fraud" or "sounds in fraud," the entire pleading must satisfy the heightened particularity requirement of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to plead the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## IV. ARGUMENT

### A.  The Bankruptcy Court's Stipulation and Agreed Order Bars This Action

The dispositive issue is straightforward. The Dejbans entered into a Settlement Agreement that was approved by the Bankruptcy Court, and the resulting Stipulation and Agreed Order provided that all claims of either Dejban—"whether filed in the Bankruptcy Court or not"—were "deemed fully satisfied or disallowed." Stip. & Agreed Order ¶ 3. That order has not been reversed, vacated, or modified. It remains binding.

### 1.  The Stipulation and Agreed Order Is a Final Judgment on the Merits

A settlement agreement approved by a federal court constitutes a final judgment on the merits for purposes of res judicata. See *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 899 (9th Cir. 2001). The Bankruptcy Court entered the Stipulation and Agreed Order on February 7, 2022, after considering the terms and the parties' submissions. It is a final decision by a competent federal court. The Dejbans cannot ignore it because they later became dissatisfied with the result or discovered information they contend undermines its validity.

A bankruptcy court's order approving a settlement has preclusive effect and bars subsequent claims that could have been asserted during the original proceeding. *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994). The Dejbans' current claims—that the settlement was procured through fraud and coercion arising from the undisclosed Jones-Freeman relationship—could have been raised in the Bankruptcy Court. They were not. The Dejbans are foreclosed from raising them here.

### 2.  The Exclusive Jurisdiction Clause Forecloses This Lawsuit

The Stipulation and Agreed Order contains an exclusive jurisdiction clause: "The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction." Stip. & Agreed Order ¶ 8. The Dejbans' claims

arise from and relate to the Stipulation and Agreed Order. By filing this lawsuit, they have violated their own consent to exclusive Bankruptcy Court jurisdiction.

### 3.  The Collateral Attack Doctrine Forecloses This Lawsuit

The collateral attack doctrine prohibits parties from circumventing the orderly process for reviewing federal court judgments by filing new lawsuits in different forums. See *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). A party subject to a federal court judgment may not file a new action in a different district asking that court to disregard the original order. The proper channels—direct appeal or a Rule 60(b) motion in the rendering court—must be exhausted.

The Ninth Circuit has held that a collateral attack on a bankruptcy court order, where the party failed to seek review or reconsideration in the rendering court, is frivolous. *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991). The Dejbans have not sought Rule 60(b) relief in the Bankruptcy Court and voluntarily dismissed their prior appeal. Their failure to pursue available remedies, coupled with their filing of a collateral lawsuit, is fatal.

### 4.  The Proper Remedy Is a Rule 60(b) Motion, Not Collateral Litigation

Federal Rule of Civil Procedure 60(b) provides the mechanism for challenging a court order on grounds such as fraud, duress, or extraordinary circumstances. If the Dejbans believe the Stipulation and Agreed Order was procured through fraud or tainted by judicial misconduct, the remedy is a Rule 60(b)(3) motion for fraud or a Rule 60(b)(6) motion for extraordinary circumstances—filed in the Bankruptcy Court.

The United States Trustee has recognized this path and filed Rule 60(b)(6) motions in the Bankruptcy Court. The Dejbans have not. Under the Ninth Circuit's holding in *In re International Nutronics*, Rule 60(b) governs challenges to bankruptcy court orders, and its time limitations are strictly enforced. 28 F.3d at 970. A Rule 60(b)(3) motion must be filed within one year of the judgment. The Stipulation and Agreed

9

Order was entered on February 7, 2022—more than three years ago. The Dejbans cannot circumvent this time bar by filing a new lawsuit in a different court.

### 5.  Until the Order Is Vacated, It Binds the Dejbans

The Stipulation and Agreed Order has been in effect for more than four years. No court has vacated, reversed, or modified it. In the absence of vacatur, the order remains in full force and effect. The Dejbans released their claims. They cannot relitigate them here. See *United States v. Beggarly*, 524 U.S. 38, 46 (1998).

### B.  Every Cause of Action Constitutes an Impermissible Collateral Attack

Each of the Dejbans' seven causes of action is premised on the theory that the Bankruptcy Court proceedings were corrupted by the Jones-Freeman relationship. This is, by definition, a challenge to the integrity of a federal court order. The Dejbans cannot transform a collateral attack into cognizable state-law tort claims by recasting their challenge to the Stipulation and Agreed Order as fraud, conspiracy, or unfair competition. The substance of the claims—not their labels—controls.

### C.  Allegations of Fraud Do Not Excuse the Collateral Attack

The Dejbans will likely argue that their fraud and coercion allegations justify circumventing the normal process. This argument fails for three independent reasons.

### 1.  Rule 60(b)(3) Provides the Remedy for Fraud

Rule 60(b)(3) provides that a judgment may be set aside if it was obtained by "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." But that motion must be filed in the court that entered the judgment, and it must be filed within one year. The Dejbans have filed no such motion—and the one-year deadline has long since passed. A party cannot ignore a court order and file a new lawsuit elsewhere on the theory that the original order was procured through fraud.

### 2. Fraud on the Court Requires an Unconscionable Scheme

To the extent the Dejbans invoke the doctrine of "fraud on the court" (which has no time limitation), the standard is demanding. In the Ninth Circuit, fraud on the court must involve "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Abatti v. Commissioner of Internal Revenue*, 859 F.2d 115, 118 (9th Cir. 1988). The inquiry focuses on "whether the alleged fraud harms the integrity of the judicial process," not merely whether it prejudiced a party. *In re Intermagnetics Am., Inc.*, 926 F.2d 912, 916 (9th Cir. 1991). Even under this doctrine, the proper remedy is a motion in the rendering court, not a collateral action.

### 3. Accepting the Dejbans' Theory Would Render the Doctrine Meaningless

If allegations of fraud were sufficient to excuse compliance with the collateral attack doctrine, any party to a federal judgment could relitigate in a different court by simply alleging misconduct. The doctrine would be reduced to a nullity. Federal law does not permit such a result.

## D. The Complaint Fails to State a Claim on the Merits

### 1. The Fraud Claims Fail Under Rule 9(b)

The Dejbans' claims are grounded in fraud. Under *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), when a claim relies on a "unified course of fraudulent conduct" as the basis for the claim, the entire pleading must satisfy Rule 9(b)'s particularity requirement. The Complaint must plead the "who, what, when, where, and how" of the alleged misconduct. *Id.*

The Complaint does not identify any specific misrepresentation Freeman made to the Dejbans. It does not allege that Freeman communicated with the Dejbans about the settlement, made any promise to them, or took any action directed at them. It does not allege with particularity how the undisclosed relationship caused any specific

adverse ruling or how, absent the relationship, Judge Jones would have ruled differently on any matter affecting the Dejbans. These are fatal deficiencies under Rule 9(b).

### 2. The Complaint Does Not Allege Freeman's Direct Involvement

To state a claim for conspiracy, tortious interference, or any of the other alleged torts, a plaintiff must plead facts showing the defendant's personal participation in the alleged wrongdoing. The Complaint does not allege that Freeman made any misrepresentation to the Dejbans, met with them, or had any direct dealings with them regarding the settlement. Instead, it relies on the conclusory assertion that Freeman "influenced" Judge Jones, who in turn coerced the Dejbans. Conclusory allegations of this kind do not satisfy *Iqbal*'s requirement of factual specificity. 556 U.S. at 678.

### 3. The Complaint Does Not Adequately Allege Causation

The Complaint alleges the existence of the Jones-Freeman relationship but does not plead facts showing that the relationship caused any cognizable injury to the Dejbans. There are no facts alleged from which one could infer that Freeman's relationship with Judge Jones caused the Stipulation and Agreed Order to be entered on terms adverse to the Dejbans, or that absent the relationship, the outcome would have been different. The Dejbans' claims were allowed at $1,170,000 and $1,080,000—substantial amounts. Without adequate causation, the Complaint fails.

## V. CONCLUSION

The Bankruptcy Court's Stipulation and Agreed Order is a final federal judgment that remains in full force and effect. The Dejbans consented to exclusive Bankruptcy Court jurisdiction over disputes arising from that order. If the Dejbans believe the order was compromised, the law provides a clear path: a Rule 60(b) motion in the Bankruptcy

Court. They have pursued neither that remedy nor a direct appeal—indeed, they voluntarily dismissed a prior appeal. This collateral attack must be dismissed.[1]

For the foregoing reasons, Defendant Elizabeth C. Freeman respectfully requests that this Court grant her Motion to Dismiss and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,

Dated: March 31, 2026

/s/ Elizabeth C. Freeman_____
**ELIZABETH C. FREEMAN**
Defendant, Pro Se
245 N. Fairway Loop
Coldspring, TX 77331
liz@lizfreemanlaw.com
713-562-5251

---

[1] Freeman files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). By filing this motion, Freeman does not waive, and expressly reserves, any and all arguments, defenses, and rights she may have with respect to venue, transfer of venue pursuant to 28 U.S.C. § 1404(a), the Bankruptcy Court's retained exclusive jurisdiction over matters arising from or related to the Stipulation and Agreed Order entered in the Volusion bankruptcy proceeding (Case No. 20-50082, Dkt. No. 317, S.D. Tex. Bankr.), and any other grounds not addressed herein.

13

## <u>CERTIFICATE OF COMPLIANCE</u>

Under Local Rule 11-6.2 of the United States District Court for the Central District of California, I certify that this Memorandum of Points and Authorities contains approximately 5,800 words, which is within the 7,000-word limit established by the Local Rules.

Dated: March 31, 2026

/s/ Elizabeth C. Freeman
Elizabeth C. Freeman
Defendant, Pro Se

# <u>DECLARATION OF CONFERENCE OF COUNSEL</u>

Under Local Rule 7-3 of the United States District Court for the Central District of California, I, Elizabeth C. Freeman, declare under penalty of perjury as follows:

1. I am the Defendant in the above-captioned action, appearing pro se.

2. On March 2, 2026, and March 26, 2026, Tom Kirkendall, a Texas-based lawyer who represents me in the related lawsuits that are pending in Houston, contacted on my behalf William A. White of Hill, Farrer & Burrill LLP, counsel for Jackson Walker, to discuss the substance of this Motion. Mr. White advised Mr. Kirkendall that Jackson Walker does not oppose the relief requested in the Motion.

3. On March 9, 2026, March 26, 2026, and March 29, 2026 (I participated in the March 29 call) Mr. Kirkendall contacted on my behalf Mark Geragos of Geragos & Geragos APC, counsel for Plaintiffs Bahar Dejban and Bardia Dejban to discuss the substance of this Motion and related matters. Mr. Geragos advised that his clients oppose the relief requested in the Motion.

4. Accordingly, the parties were unable to reach a resolution that would eliminate the necessity for this Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 31, 2026, at Coldspring, Texas.

/s/ Elizabeth C. Freeman
Elizabeth C. Freeman
Defendant, Pro Se

## CERTIFICATE OF SERVICE

I, Elizabeth C. Freeman, declare under penalty of perjury under the laws of the United States that on March 31, 2026, I served the foregoing DEFENDANT ELIZABETH C. FREEMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES on all parties to this action by email to each attorney of record at their respective email addresses listed below

Mark Geragos / Tina Glandian / Katherine Pratty
Geragos & Geragos APC
644 South Figueroa Street
Los Angeles, CA 90017
mark@geragos.com / tina@geragos.com / katherine@geragos.com
Attorneys for Plaintiffs

William A. White / Jeffrey B. Bell
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071
wwhite@hillfarrer.com / jbell@hillfarrer.com
Attorneys for Defendants Jackson Walker LLP and Matthew Cavenaugh

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 31, 2026, at Coldspring, Texas.

/s/ Elizabeth C. Freeman
Elizabeth C. Freeman