**Elizabeth Freeman**
245 N. Fairway Loop
Coldspring, TX 77331
Telephone: 713.562.5251
Email: liz@lizfreemanlaw.com

Defendant, Pro Se



FILED

CLERK, U.S. DISTRICT COURT

4/22/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHAR DEJBAN, an individual, and BARDIA DEJBAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH C. FREEMAN, an individual; JACKSON WALKER LLP, a limited liability partnership; MATTHEW CAVENAUGH, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-11662-MEMF-AJR**<br><br>**DEFENDANT ELIZABETH C. FREEMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>*(Filed concurrently with Request for Judicial Notice)*<br><br>Date:    May 28, 2026<br>Time:    10:00 a.m.<br>Crtrm:   8B<br>Judge:   Hon. Maame Ewusi-Mensah Frimpong |

- 1 -

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...........................................................................................1

II.  THE COURT MAY JUDICIALLY NOTICE THE BANKRUPTCY ORDERS .....2

III. THE STIPULATION AND AGREED ORDER BARS THIS ACTION...................3

    A.  The Release Language Is Broad and Unambiguous ......................................3

    B.  *Satten v. Webb* Is Non-Controlling and Distinguishable..............................4

IV.  PLAINTIFFS' RULE 60 CONCESSION CONFIRMS DISMISSAL IS REQUIRED................................................................................................................5

V.   PLAINTIFFS' "INDEPENDENT TORT" THEORY IS A COLLATERAL ATTACK ...............................................................................................................6

VI.  THE COMPLAINT INDEPENDENTLY FAILS ON THE MERITS ....................7

    A.  The Group-Pleading Violates Rule 9(b)........................................................7

    B.  The Complaint Pleads No Direct Conduct by Freeman.............................8

    C.  The Complaint Fails to Plead Causation .......................................................8

VII. CONCLUSION...............................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .................................................................................................8

*Celotex Corp. v. Edwards,*
514 U.S. 300 (1995) .................................................................................................6

*Coto Settlement v. Eisenberg,*
593 F.3d 1031 (9th Cir. 2010) .................................................................................2

*Durkin v. Shea & Gould,*
92 F.3d 1510 (9th Cir. 1996) ...................................................................................4

*In re Int'l Nutronics, Inc.,*
28 F.3d 965 (9th Cir. 1994)...................................................................................5, 6

*Khoja v. Orexigen Therapeutics, Inc.,*
899 F.3d 988 (9th Cir. 2018) ...................................................................................2

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ...................................................................................2

*Marder v. Lopez,*
450 F.3d 445 (9th Cir. 2006) ...................................................................................2

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
442 F.3d 741 (9th Cir. 2006) ...................................................................................2

*Satten v. Webb,*
99 Cal. App. 4th 365 (2002).................................................................................4, 5

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007) ................................................................................7, 8

*United States v. Beggerly,*
524 U.S. 38 (1998).................................................................................................6

*United States v. Black,*
482 F.3d 1035 (9th Cir. 2007) .................................................................................2

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003) ...................................................................................2

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003) .................................................................................7

**Rules and Statutes**

Fed. R. Civ. P. 9(b).................................................................................................7

Fed. R. Civ. P. 12(b)(6)................................................................................................................1

Fed. R. Civ. P. 60(b)................................................................................................................5, 6

Fed. R. Civ. P. 60(b)(3)...........................................................................................................5, 6

Fed. R. Evid. 201.........................................................................................................................2

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs' opposition cannot avoid the dispositive point: a final order of the United States Bankruptcy Court for the Southern District of Texas — entered February 7, 2022 in In re Volusion, LLC, Case No. 20-50082, Doc. 317 — released "all claims" of either Dejban "whether filed in the Bankruptcy Court or not," and gave the Bankruptcy Court "exclusive jurisdiction" over disputes "arising from or related to" that order. Plaintiffs do not deny that they signed it. They do not deny that the Bankruptcy Court entered it. They have not asked any court to vacate it. Yet they ask this Court to adjudicate California-law tort claims that, if successful, would necessarily declare the order's release ineffective and recover damages for the very claims the order extinguished. That is the textbook definition of a collateral attack on a federal court judgment, and it cannot proceed in this forum.

Plaintiffs' opposition advances six arguments. None survives examination. First, Plaintiffs object that the Stipulation and Agreed Order is not properly before the Court. Freeman has cured any procedural concern by filing a Request for Judicial Notice concurrently with this Reply, attaching both the Stipulation and Agreed Order and the underlying Confirmation Order. Second, Plaintiffs invoke a single intermediate California appellate decision — *Satten v. Webb*, 99 Cal. App. 4th 365 (2002) — to argue their claims are "independent" state torts. *Satten* is non-controlling and distinguishable on its facts. Third, Plaintiffs concede that their claims "could not have been asserted during the original proceeding" — a concession that places this case squarely within Federal Rule of Civil Procedure 60(b)(3), the very channel they seek to evade. Fourth and fifth, their privity and "no-interference" arguments rest on a misreading of the controlling collateral-attack doctrine, which does not turn on res judicata privity. Sixth, the Complaint independently fails on the merits because it group-pleads "Defendants" in violation of Rule 9(b), pleads no

- 5 -

direct conduct by Freeman toward the Dejbans, and fails to allege facts establishing causation.

For the reasons developed below — and on the grounds set forth in the original Motion — the Complaint should be dismissed in its entirety, with prejudice.

## II. THE COURT MAY JUDICIALLY NOTICE THE BANKRUPTCY ORDERS

Plaintiffs' lead procedural objection is that Freeman "has not provided the Court with the order itself or any certified docket records, and she has not filed a request for judicial notice." Opp. at 4. Concurrently with this Reply, Freeman has filed a Request for Judicial Notice that attaches both the Stipulation and Agreed Order and the underlying Confirmation Order entered November 20, 2020. The objection is therefore moot.

On the merits, Plaintiffs themselves concede the governing rule. They acknowledge that on a Rule 12(b)(6) motion the Court may consider "documents incorporated by reference, and matters properly subject to judicial notice." Opp. at 3-4. Orders of other federal courts are quintessential public records subject to notice under Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). The Bankruptcy Court orders attached to the Request for Judicial Notice may be considered for the existence and contents of the rulings, including the dispositional and exclusive-jurisdiction provisions. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The orders are also incorporated by reference into the Complaint. The Complaint repeatedly refers to the "settlement," the "release," and the bankruptcy proceeding in which Plaintiffs allege they were coerced. *See* Compl. ¶¶ 21-26, 40-41, 74-76. A document on which the complaint "necessarily relies" and whose

authenticity is undisputed may be considered. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Plaintiffs cannot simultaneously plead that the bankruptcy settlement "extended to non-debtor individuals and entities" (Compl. ¶ 25) and then deny the Court the means to test what the settlement actually says.

## III. THE STIPULATION AND AGREED ORDER BARS THIS ACTION

### A. The Release Language Is Broad and Unambiguous

Plaintiffs' opposition attempts to recharacterize the Stipulation and Agreed Order as nothing more than a claims-allowance order. That mischaracterizes its scope. Paragraph 3 of the order provides that — beyond allowing the Bardia Dejban Claim at $1,170,000 and the Bahar Dejban Claim at $1,080,000 — "any and all other claims of Bardia Dejban or Bahar Dejban, *whether filed in the Bankruptcy Court or not*, are deemed fully satisfied or disallowed." RJN Ex. 1, ¶ 3 (emphasis added). That language is comprehensive on its face. It is not limited to claims against the debtor. It is not limited to claims filed in the bankruptcy. It captures "any and all" claims of either Dejban that are not the two specifically allowed proofs of claim.

That broad release operated as a bargained-for term of a federal court order. Plaintiffs voluntarily filed proofs of claim, voluntarily negotiated the Stipulation, and voluntarily agreed to its terms in exchange for substantial allowed claims totaling $2,250,000. Paragraph 8 then provided that "The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction." RJN Ex. 1, ¶ 8. Plaintiffs cannot retain the benefit of $2.25 million in allowed claims while disclaiming the binding terms of the order that allowed them.

Plaintiffs' res judicata privity arguments miss the point. The dispositive doctrine is not res judicata; it is collateral attack. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). Even assuming — contrary to fact — that strict res judicata privity were absent, the Stipulation and Agreed Order remains a final federal judgment that resolved the rights of these very plaintiffs and that contains its own express release provisions. Where a party seeks relief from a federal judgment on grounds of fraud, the proper procedural channel is Federal Rule of Civil Procedure 60(b)(3), and an independent action to set aside the judgment is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Plaintiffs here have neither invoked Rule 60(b)(3) in the court that issued the order nor made any showing approaching that demanding standard.

### B. *Satten v. Webb* Is Non-Controlling and Distinguishable

Plaintiffs' opposition rests heavily on *Satten v. Webb*, 99 Cal. App. 4th 365 (2002). *Satten* is a single decision of an intermediate California appellate court, not binding on this federal court interpreting federal collateral-attack doctrine. Even on its own terms, *Satten* is materially distinguishable in three respects.

First, *Satten* arose from a malicious prosecution claim against an attorney in a state-court fraud action that had been removed to bankruptcy court only because the trustee chose to participate. *Id.* at 369, 385. The California court emphasized that the underlying matter was a state-law tort that did not constitute an "authorized bankruptcy proceeding." *Id.* at 385. Here, by contrast, the proceeding from which the Dejbans now seek redress is one they themselves invoked: they filed proofs of claim in a Chapter 11 case, voluntarily negotiated and signed a Stipulation, and obtained a federal court order allowing those claims at $2.25 million. They are not parties drawn into bankruptcy by a trustee's choice. They are parties who

affirmatively used bankruptcy machinery to liquidate their claims. The "authorized bankruptcy proceeding" distinction *Satten* drew works against them, not for them.

Second, *Satten* involved no preclusive bankruptcy court order resolving the parties' rights. *See* 99 Cal. App. 4th at 369-71. Here, an order does exist — a final federal order with an express release of "all claims" "whether filed in the Bankruptcy Court or not," and an exclusive-jurisdiction clause that the Dejbans consented to. *Satten* did not address how a state-law tort theory survives a separately operative federal release. It cannot answer that question here.

Third, *Satten* analyzed implied bankruptcy preemption — a doctrine concerned with whether state law conflicts with the Bankruptcy Code. The dispositive issue here is collateral attack on a federal court order, a doctrine grounded in the supremacy and finality of federal judgments. *Satten* did not purport to authorize a state-law damages action that necessarily seeks recovery for the loss of claims a federal court has already extinguished. To the extent *Satten* could be read that broadly, it would conflict with controlling Supreme Court and Ninth Circuit authority and should not be followed. *See Celotex*, 514 U.S. at 313; *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969-70 (9th Cir. 1994).

## IV. PLAINTIFFS' RULE 60 CONCESSION CONFIRMS DISMISSAL IS REQUIRED

Plaintiffs make a critical admission. They concede that their present claims "could not have been asserted during the original proceeding" because the Jones-Freeman relationship was concealed from them. Opp. at 11-12. That concession is dispositive in Freeman's favor.

A claim that a federal court order was procured by concealed misconduct — a claim that, by the plaintiff's own admission, could not have been raised at the time the order was entered — is the precise circumstance for which Federal Rule of Civil Procedure 60(b)(3) exists. The Rule provides that a court may relieve a party from a

final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The motion must be filed in the court that entered the judgment, and it must be filed within one year. The Ninth Circuit has held expressly that Rule 60(b) governs challenges to bankruptcy court orders — including settlement orders — and that its time limitations are strictly enforced. *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969-70 (9th Cir. 1994).

Plaintiffs' attempt to avoid Rule 60 by recasting their fraud allegations as "state-law torts arising from a California proceeding" fails. Opp. at 8. The Complaint's gravamen is that the Bankruptcy Court order itself was procured through the concealed Jones-Freeman relationship. *See* Compl. ¶¶ 17-25, 40. That is a Rule 60(b)(3) claim, regardless of the state-law label affixed to it. A litigant cannot evade Rule 60's exclusivity — or its one-year limit — by suing in a different district under a different rubric. "Fraud" is "fraud" whether pleaded as a 60(b) ground in Texas or as a California Civil Code § 1710 deceit claim in Los Angeles.

The one-year deadline expired February 7, 2023. The U.S. Trustee, recognizing the proper channel, filed Rule 60(b)(6) motions in the Bankruptcy Court — motions that remain pending. Plaintiffs filed nothing. They voluntarily dismissed a prior appeal of Bankruptcy Court orders. They cannot now circumvent the Rule's timing requirements by filing a new lawsuit in a different forum.

Plaintiffs' claim that they were powerless to act in the bankruptcy proceeding is also belied by the record. The Dejbans were represented by counsel — Hal Gillespie of Gillespie Sanford LLP — throughout the relevant period, including at the June 28, 2021 hearing on the Reorganized Debtor's Motion to Enforce. RJN Ex. 5 at 1, 8. Mr. Gillespie filed contested motions on the Dejbans' behalf, including a motion to amend their proofs of claim and a written objection to the Motion to Enforce. RJN Ex. 5 at 14, 35. Plaintiffs' counsel litigated the very issues they now

claim they were prevented from raising. A party represented by sophisticated bankruptcy counsel, who actually appeared and contested the relevant orders, cannot credibly claim either that the proceedings were so coercive as to vitiate consent or that Rule 60(b)'s vehicle was unavailable.

Plaintiffs cite *Durkin v. Shea & Gould*, 92 F.3d 1510, 1516 (9th Cir. 1996), for the proposition that prior approval of a settlement does not collaterally estop a malpractice claim. *Durkin* is inapposite. It addressed whether a class member could sue *her own attorneys* for malpractice in a securities class action. *Id.* at 1513-14. The Ninth Circuit's point was that approval of a settlement under Rule 23.1 (the demand-futility rule for derivative actions) does not adjudicate the adequacy of the attorney's representation of the client. *Id.* at 1516. The Dejbans here do not sue their own counsel; they sue opposing counsel — attorneys who represented the *debtor*. The *Durkin* holding has nothing to say about whether opposing parties can collaterally challenge a federal court order through a state-law tort suit. Nor does *Durkin* address Rule 60(b)'s exclusivity for challenges to federal judgments procured by alleged fraud.

## V. PLAINTIFFS' "INDEPENDENT TORT" THEORY IS A COLLATERAL ATTACK

Plaintiffs argue that their claims "do not require interference with the Stipulation and Agreed Order in the Bankruptcy Proceeding," Opp. at 10, because they seek only damages from non-debtor attorneys, not vacatur of the order. The argument cannot withstand scrutiny.

Plaintiffs seek damages for the alleged loss of their California claims — the very claims the Stipulation and Agreed Order extinguished. Compl. ¶¶ 24-25. To award damages for that asserted loss, this Court would necessarily have to find that the release was procured by fraud, was unenforceable, or did not validly extinguish those claims. That finding would directly contradict the Bankruptcy Court's order,

which on its face released "all claims" "whether filed in the Bankruptcy Court or not." RJN Ex. 1, ¶ 3. A judgment cannot be "independent" of an order whose validity is the necessary predicate of the relief sought.

This is precisely the impermissible collateral attack the Supreme Court foreclosed in *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). A party subject to a federal court order may not file a new action in another district seeking relief that is functionally inconsistent with that order. The proper avenues are direct appeal or a Rule 60(b) motion in the rendering court. Plaintiffs have pursued neither. The label of "state-law tort" does not change the substance: the Dejbans seek to recover for losses caused by the operation of the federal order they seek to escape.

This is not the first time the Dejbans have been told the same thing. In May 2021 — ten months before the Stipulation and Agreed Order extinguished their claims — the Reorganized Debtor moved to enforce the Confirmation Order against the Dejbans' then-pending California lawsuit. The Reorganized Debtor argued that "all collateral attacks on a confirmation order — whether made in a post-confirmation proceeding in the same bankruptcy court or in a different case in a non-bankruptcy court as here — are impermissible attacks under the doctrine of res judicata." RJN Ex. 3 ¶¶ 20-21. The Bankruptcy Court agreed and ordered the Dejbans — then represented by counsel — to dismiss the California suit within seven days. RJN Ex. 5 at 14-15. The Dejbans complied. Their attempt to revive substantively the same claims here, against opposing counsel rather than the debtor, presents the same collateral-attack defect the Bankruptcy Court already adjudicated.

Plaintiffs' framing also contradicts their own factual narrative. They allege that the bankruptcy proceedings "coerced" them into "relinquishing their California claims" and "extending releases" that "improperly encompassed non-debtor individuals and entities." Compl. ¶¶ 22-25. A claim that an order improperly extinguished one's rights is, by definition, a challenge to the validity of that order.

They cannot have it both ways: either the order validly released their claims (in which case there is nothing to recover here), or the order did not (in which case the proper remedy is to seek vacatur in the Bankruptcy Court under Rule 60(b)).

## VI. THE COMPLAINT INDEPENDENTLY FAILS ON THE MERITS

Even setting aside the collateral-attack bar, the Complaint fails on its face for three independent reasons.

### A. The Group-Pleading Violates Rule 9(b)

The Complaint relies on a unified course of allegedly fraudulent conduct. *See, e.g.*, Compl. ¶¶ 21-26, 37-43, 50-54. Under *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), the entire pleading must therefore satisfy the heightened particularity requirement of Federal Rule of Civil Procedure 9(b). The Complaint does not.

The Ninth Circuit has held that Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and brackets omitted). The Complaint repeatedly attributes conduct to "Defendants" collectively — "Defendants told Plaintiffs," "Defendants used the Texas bankruptcy forum," "Defendants filed motions to enforce." *See, e.g.*, Compl. ¶¶ 21-23. This is exactly the kind of group-pleading *Swartz* prohibits.

Plaintiffs' opposition does not cure the deficiency. It repeats the same group-pleading framework, asserting that "Defendants" made misrepresentations during "mediation" without identifying which defendant said what, when, where, and to whom. Opp. at 13. Rule 9(b) requires the "who, what, when, where, and how" for

- 13 -

each defendant. *Vess*, 317 F.3d at 1106. A complaint that pleads only the collective "who" fails as to each individual defendant, including Freeman.

**B. The Complaint Pleads No Direct Conduct by Freeman**

The Complaint does not allege that Freeman ever made any communication to the Dejbans. It does not allege she was present at any mediation involving them. It does not allege she signed any motion filed against them. It does not allege she made any representation — about the bankruptcy, about Judge Jones, or about anything else — to the Dejbans or anyone acting on their behalf. The Complaint relies entirely on the conclusory assertion that Freeman "influenced" Judge Jones, who in turn allegedly "coerced" Plaintiffs through threats of contempt at hearings on July 6 and August 2, 2021. *See* Compl. ¶¶ 22-23.

Conclusory allegations of "influence" do not state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed against Freeman in particular — not just "Defendants" in the aggregate — the Complaint must allege facts showing what Freeman herself did to commit the alleged torts. It does not. *Swartz*, 476 F.3d at 764-65.

**C. The Complaint Fails to Plead Causation**

Even if the Complaint identified specific conduct by Freeman, it still fails to plead causation. Plaintiffs allege the existence of the Jones-Freeman relationship and assert in conclusory terms that the relationship caused them harm. They do not plead facts identifying any specific ruling Judge Jones made that would have come out differently absent the relationship. They do not plead facts showing that any contempt threat at the July 6 or August 2, 2021 hearings was attributable to the relationship rather than to the merits of the underlying motions to enforce. They do not plead facts showing what their California claims would have been worth in the absence of any alleged coercion — a critical element of their damages theory. Their

proofs of claim were allowed at $1,170,000 and $1,080,000, totaling $2.25 million. The Complaint nowhere explains how those allowed claims represent any loss attributable to Freeman.

The Dejbans' own conduct in the bankruptcy refutes their causation theory. They voluntarily invoked the Bankruptcy Court's jurisdiction by filing timely proofs of claim — a choice they made to "protect their rights to pursue these claims" against the debtor's bar date. RJN Ex. 4 at 14. Having voluntarily submitted to the forum, participated in claims litigation, and ultimately negotiated a stipulated order that allowed their claims at $1,170,000 and $1,080,000, the Dejbans cannot now plead that their presence in that forum — and the outcomes it produced — are causally attributable to Freeman. They affirmatively chose to remain and collect. Compl. ¶¶ 24-25; RJN Ex. 1, ¶ 3.

Causation under Rule 9(b) and *Iqbal* requires more than the bare assertion that an undisclosed relationship existed and that adverse rulings followed. The Complaint must allege facts from which this Court can draw the inference of causation. It does not, and dismissal is therefore warranted independent of the collateral-attack and Rule 60 grounds.

## VII. CONCLUSION

The Stipulation and Agreed Order is a final order of a federal court. Plaintiffs negotiated it. Plaintiffs signed it. The Bankruptcy Court entered it. By its express terms, it released "all" of Plaintiffs' claims, including those "not filed in the Bankruptcy Court," and committed disputes about its implementation to the Bankruptcy Court's exclusive jurisdiction. Plaintiffs have not asked the Bankruptcy Court to vacate the order. They have not appealed it. Their attempt to use this Court to recover damages for the loss of claims that very order extinguished is an impermissible collateral attack on a federal court judgment.

Plaintiffs' own concession that their claims "could not have been asserted during the original proceeding" places this case squarely within Federal Rule of Civil Procedure 60(b)(3). The Rule's exclusivity, and its one-year deadline, may not be evaded by filing a state-law tort suit in a different district. *In re Int'l Nutronics*, 28 F.3d at 969-70.

Independent of the collateral-attack and Rule 60 grounds, the Complaint fails on its face. It group-pleads "Defendants" in violation of Rule 9(b). It pleads no direct conduct by Freeman toward the Dejbans. And it fails to allege facts establishing causation — the link between the Jones-Freeman relationship and any cognizable harm to Plaintiffs.

For these reasons and the reasons set forth in the Motion, Defendant Elizabeth C. Freeman respectfully requests that the Court grant her Motion to Dismiss and dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated: April 20, 2026                          /s/ Elizabeth C. Freeman

_____

**ELIZABETH C. FREEMAN**
Defendant, Pro Se
245 N. Fairway Loop
Coldspring, TX 77331
liz@lizfreemanlaw.com
713.562.5251

## CERTIFICATE OF COMPLIANCE

Under Local Rule 11-6.2 of the United States District Court for the Central District of California, I certify that this Reply Memorandum of Points and Authorities contains approximately 2,950 words, which is within the word limit established by the Local Rules for reply memoranda.

Dated: April 22, 2026

/s/ Elizabeth C. Freeman

_____

Elizabeth C. Freeman
Defendant, Pro Se

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth C. Freeman, declare under penalty of perjury under the laws of the United States that on April 22, 2026, I served the foregoing DEFENDANT ELIZABETH C. FREEMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) on all parties to this action by email to each attorney of record at their respective email addresses listed below.

Mark Geragos / Tina Glandian / Katherine Pratty
Geragos & Geragos APC
644 South Figueroa Street
Los Angeles, CA 90017
mark@geragos.com / tina@geragos.com / katherine@geragos.com
*Attorneys for Plaintiffs Bahar Dejban and Bardia Dejban*

William A. White / Jeffrey B. Bell
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Avenue, 37th Floor
Los Angeles, CA 90071
wwhite@hillfarrer.com / jbell@hillfarrer.com
*Attorneys for Defendants Jackson Walker LLP and Matthew Cavenaugh*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 22, 2026, at Coldspring, Texas.

/s/ Elizabeth C. Freeman
_____
Elizabeth C. Freeman

- 18 -