_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                    Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [20]**

In this case, Plaintiffs Bahar Dejban and Bardia Dejban—who asserted claims related to their employment with non-party Volusion, Inc. ("Volusion") and then released those claims in Volusion's bankruptcy proceedings—allege claims under California state law against Volusion's attorneys, Defendants Jackson Walker LLP ("JW"), Elizabeth Freeman ("Freeman"), and Matthew Cavenaugh ("Cavenaugh," and together with JW and Freeman, "Defendants"), arguing that the release was coerced and unenforceable.  (Dkt. 1-1 (Complaint, "Compl.") ¶ 1.)  JW and Cavenaugh filed an Answer to the Complaint.  (Dkt. 1-6.)  Before the court is Freeman's Motion to Dismiss.  (Dkt. 20 ("Motion" or "Mot.").)  Plaintiffs oppose the Motion.  (Dkt. 22 ("Opposition" or "Opp.").)  Freeman filed a reply in support of the Motion.  (Dkt. 28 ("Reply").)  With the court's leave, (Dkt. 32), Plaintiffs filed a sur-reply, (Dkt. 34).  The court found the Motion appropriate for resolution without oral argument and vacated the hearing.  (Dkt. 35.)  Based on the record, as applied to the relevant law, the Motion is **GRANTED.**

## I.    Background

The Complaint alleges the following facts.  Maintaining that in mid-2020, Volusion's Board of Directors "subjected both Plaintiffs to discriminatory treatment and ultimately terminated them without notice or cause," "Plaintiffs filed an action in Los Angeles Superior Court in March 2021 asserting employment and tort claims against Volusion's new Board

_____

**CIVIL MINUTES – GENERAL**                                                                      1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                                      Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

members and affiliated entities." (Compl. ¶¶ 16, 20.)  Volusion immediately retained Jackson Walker LLP ("JW") as outside counsel, with "Freeman assuming the key advisory role." (*Id.*)

On July 27, 2020, Cavenaugh "signed and filed a Chapter 11 bankruptcy petition for Volusion in the Southern District of Texas," "misclassif[ying] the case as 'non-complex,'" and also falsely asserting "that Volusion's principal place of business was located within that district and that venue was proper there," when in fact, "Volusion's headquarters and primary operations were in Austin, Texas, squarely within the Western District of Texas." (*Id.* ¶ 17.) The reason Cavenaugh made the misclassification and the false statement was in order to ensure that the case was assigned to Chief Bankruptcy Judge David R. Jones. (*Id.*)  At the time Volusion's bankruptcy petition was filed, Freeman was "in a longstanding romantic relationship with Judge Jones, dating back to her clerkship in his chambers." (*Id.* ¶ 18.)  "Judge Jones did not recuse himself and neither he, Freeman, nor JW disclosed this relationship to the court or any of the parties including Plaintiffs." (*Id.*)

"JW sought to use the Texas bankruptcy proceeding to bar Plaintiffs' California claims." (*Id.* ¶ 20.)  "Throughout 2020 and 2021, Defendants repeatedly told Plaintiffs that pursuing their California case would subject them to contempt sanctions, and they could never prevail against Judge Jones." (*Id.* ¶ 21.)  "Acting in concert with Defendants, Judge Jones leveraged his judicial authority to intimidate Plaintiffs and their counsel," including, "[a]t hearings on July 6 and August 2, 2021," by "threaten[ing] contempt if Plaintiffs continued their California litigation." (*Id.* ¶ 22.)  "Defendants subsequently filed a motion to enforce a confirmation order issued by Judge Jones in April 2021 and a motion for contempt in July 2021—both intended to coerce Plaintiffs into abandoning their California claims" and which "filings had no legitimate bankruptcy purpose and served solely as leverage to compel dismissal." (*Id.* ¶ 23.)

"Through their acts of intimidation, concealment, and misrepresentation, Defendants induced Plaintiffs to extend a release in the bankruptcy settlement that improperly encompassed those non-debtor individuals and entities," which release Plaintiffs allege was "coerced and unenforceable." (*Id.* ¶¶ 24-25.)  "Plaintiffs' dismissal of their California action was the direct product of Defendants' fraud and abuse of process rather than any legitimate judicial order." (*Id.* ¶ 25.)  "The resulting damage to Plaintiffs did not stem from the amount of the settlement

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                    Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

itself, but from being fraudulently compelled to forfeit valuable California claims against separate, non-bankrupt parties." (*Id.* ¶ 24.) "Plaintiffs were wrongfully deprived of their right to pursue and recover on their California claims in a neutral forum, causing severe financial, professional, and emotional harm." (*Id.* ¶ 25.) "Defendants' wrongful conduct culminated in the coercion of Plaintiffs to dismiss their independent California employment and tort claims against Volusion's individual Board members and related parties—claims that were wholly outside the scope of the bankruptcy proceeding." (*Id.* ¶ 21.)

Meanwhile, on November 20, 2020, the Bankruptcy Court issued an Order Confirming the Debtor's Combined Plan of Reorganization and Approving on a Final Basis the Disclosure Statement of Volusion, LLC Pursuant to Chapter 11 of the Bankruptcy Code. (Dkt. 27, Ex. 2.[1]) On February 7, 2022, the Bankruptcy Court issued a Stipulation and Agreed Order By and Among the Reorganized Debtor, Bardia Dejban, and Bahar Dejban. (Dkt. 27, Ex. 1 ("S&AO").) Among other terms, the Stipulation and Agreed Order contains the following provisions:

> Except for the Allowed Bardia Dejban Claim and the Allowed Bahar Dejban Claim, and in accordance with the releases in the Settlement Agreement, any other claim, whether filed in the Bankruptcy Court or not, of either Bardia Dejban or Bahar Dejban shall be and hereby is deemed fully satisfied or disallowed.

(S&AO ¶ 3.)

> The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such

_____

[1] Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "Here, Defendants' request is limited to documents [and orders] filed in the [bankruptcy] litigation," which "are readily verifiable and, therefore, the proper subject of judicial notice." *Id.*

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                    Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

jurisdiction to resolve any disputes or controversies arising from or
related to this Stipulation and Agreed Order

(S&AO ¶ 8.)

In 2023, Judge Jones and Freeman's relationship "was made public." (*Id.* ¶ 19.) On October 13, 2023, the Fifth Circuit opened a judicial misconduct investigation of Judge Jones, and he quickly submitted his resignation three days later, on October 16, 2023." (*Id.* ¶ 28.) "[O]n November 2, 2023, the U.S. Trustee filed several Fed. R. Civ. P. 60(b)(6) motions against [JW] in U.S. Bankruptcy Court." (*Id.* ¶ 29; *see id.* ¶ 19.)

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                              Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

## III.    Discussion

In the Motion, Freeman argues, in summary, that (1) the Bankruptcy Court's Stipulation and Agreed Order bars this action and Plaintiffs' claims are impermissible collateral attacks on the Stipulation and Agreed Order which are not excused by allegations of fraud, and (2) the Complaint fails to adequately allege the claims because the fraud claims are not pleaded with

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                              Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

sufficient particularity, and Freeman's direct involvement and causation are insufficiently
alleged.  (Mot. at 8-12.)

> **A.      The Bankruptcy Court's Stipulation and Agreed Order**

Freeman argues that Plaintiffs' claims, which are all "rooted in the theory that the
Bankrupcty Court proceedings were compromised by Judge Jones's undisclosed relationship
with Freeman and that [Plaintiffs] were coerced into settling as a result" and are therefore
barred under the collateral attack doctrine.  (Mot. at 6-7; *see id.* at 10.)

"[C]ollateral attacks on the judgments, orders, decrees or decisions of federal courts are
improper."  *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987).
"The collateral attack doctrine precludes litigants from collaterally attacking the judgments of
other courts."  *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) (citing *Celotex
Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("We have made clear that it is for the court of first
instance to determine the question of the validity of the law, and until its decision is reversed for
error by orderly review, either by itself or by a higher court, its orders based on its decisions are
to be respected.") (citation modified).

Moreover, federal bankruptcy courts can "exercise [] their jurisdiction to enter any final
order or judgment . . . [in] (1) 'cases under title 11,' . . . ; (2) 'core' bankruptcy proceedings that
either 'arise under' the Bankruptcy Code or 'arise in' a case under the Code, . . . ; or (3) cases in
which all interested parties 'consent' to the bankruptcy court having jurisdiction to enter a final
order in a matter that is 'related to' a case under the Bankruptcy Code."  *In re Ray*, 624 F.3d
1124, 1130 (9th Cir. 2010) (quoting 28 U.S.C. § 157(b)(1)).  To determine whether a civil
proceeding is "related to bankruptcy," courts consider whether "the outcome of the proceeding
could conceivably have any effect on the estate being administered in bankruptcy."  *In re
Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547 (9th Cir. 2006) (quoting *In re Fietz*, 852
F.2d 455, 457 (9th Cir. 1988)).  And "[w]here a settlement agreement led to the dismissal of a
case, a court has jurisdiction to vindicate its authority or effectuate its decree if the court's
dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement

_____

**CIVIL MINUTES – GENERAL**                                                    **6**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                    Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

agreement." *Id.* at 549 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

In *In re Valdez*, the Ninth Circuit held that the bankruptcy court did not have jurisdiction to review a settlement to determine if one of the parties to the bankruptcy proceeding could proceed with its state claims against a non-debtor party filed after the Chapter 11 bankruptcy case was dismissed. *See* 439 F.3d at 547-49. The settlement stated "that the parties would 'dismiss[ ] all pending litigation between the two parties, with prejudice' and that the bankruptcy court shall have 'continued jurisdiction over . . . the interpretation . . . of . . . th[e] Settlement Agreement.'" *Id.* at 547 (alteration in original). The Ninth Circuit held that there was no "related to" jurisdiction because the determination of the rights under the settlement "could not [have] conceivably 'alter[ed] the debtor's rights, liabilities, options, or freedom of action . . . [or] in any way impact[ ] upon the handling and administration of the bankrupt estate,'" *id.* at 548 (quoting *In re Fietz*, 852 F.2d at 457), because the dispute between the one party to the bankruptcy proceeding and the non-debtor would not have had any effect on "the implementation and execution of the [Chapter 11 Reorganization] Plan," *see id.* There was no confirmed Chapter 11 Reorganization Plan, and the dispute arose *after* the close of the bankruptcy estate, so the settlement agreement was "fully implemented with respect to the [debtor]." *See id.* at 548. Also, the Ninth Circuit held the bankruptcy court did not have "retained jurisdiction" to enforce the settlement, because "the bankruptcy court entered an order approving the settlement agreement and a second order dismissing the case, . . . and [stated] that '[t]he conditions of the settlement hav[e] been fulfilled.' The orders neither 'retain[ed] jurisdiction' over the settlement agreement nor incorporated 'the parties' obligation to comply with [its] terms.'" *Id.* at 549 (quoting *Kokkonen*, 511 U.S. at 381).

Here, the court finds Plaintiffs' claims are an impermissible collateral attack on the Stipulation and Agreed Order—a document which there is no dispute constitutes a final judgment by the Bankruptcy Court, (*see* Opp. at 10-11; Reply at 8). As to "related to" jurisdiction, unlike in *In re Valdez*, the outcome of Plaintiffs' claims against the non-debtor Defendants "could conceivably have an[] effect on the [Volusion] estate." *In re Valdez*, 439 F.3d at 547. Plaintiffs allege that "Defendants' wrongful conduct culminated in the coercion of Plaintiffs to dismiss their independent California employment and tort claims against

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                     Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

Volusion's individual Board members and related parties," and Plaintiffs released these California claims "in the bankruptcy settlement" with Volusion, such that they suffered loss from the denial of "their valid California claims." (*See* Compl. ¶¶ 21-24, 26, 42-44, 64-66, 98.) In other words, Plaintiffs argue the effect of the wrongful conduct alleged in this case is that Plaintiffs signed a release in the bankruptcy case that, if they had known all of the relevant facts, they would not have signed. (*See id.*; *see* S&AO ¶ 3 (releasing, escept for enumerated allowed claims, "any other claim, whether filed in the Bankruptcy Court or not, of either Bardia Dejban or Bahar Dejban").) The court therefore finds there is a sufficiently "close nexus" between Plaintiffs' claims and the "outcome of those claims [that] could affect the implementation and execution of the [Chapter 11 Bankruptcy] Plan" such that the Bankruptcy Court has "related to" jurisdiction. *In re Valdez*, 439 F.3d at 548.

Next, as to "retained jurisdiction," unlike the plaintiff in *In re Valdez,* the Bankruptcy Court has not only retained jurisdiction, but *exclusive* jurisdiction, to "vindicate its authority [and] effectuate its decree." *In re Valdez*, 439 F.3d at 549. The Stipulation and Agreed Order states that "[t]he Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order." (S&AO ¶ 8.) The court therefore finds Plaintiffs' claims in this court, which rest on the notion that the release was "coerced and unenforceable," (Compl. ¶ 25), and are "matters arising from or related to the implementation of this Stipulation and Agreed Order," (S&AO ¶ 8), subject to the exclusive jurisdiction of the Bankruptcy Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.").

In summary, the court finds Plaintiffs' claims against Defendants are "related to" the prior bankruptcy proceedings, and the Bankruptcy Court has retained exclusive jurisdiction to "vindicate its authority or effectuate its decree," and Plaintiffs have failed to adequately allege

_____

**CIVIL MINUTES – GENERAL**                                    **8**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                    Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

claims that do not constitute an impermissible collateral attack on the Stipulation and Agreed Order. *Kokkonen*, 511 U.S. at 381. "The failure of [Plaintiffs] to seek any review, reconsideration, or stay of the bankruptcy court's order preclude[s] the collateral attack included in [Plaintiffs'] complaint." *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991). The Motion is therefore **GRANTED**.

### B.     The Sufficiency of Plaintiffs' Allegations

Even if the claims were not barred by the Stipulation and Agreed Order, the court would find several of the claims insufficiently alleged. Federal Rule of Civil Procedure 9(b) requires that claims sounding in fraud must be pleaded with particularity. *See* Fed. R. Civ. P. 9(b). To comply with Rule 9(b), allegations of fraud must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner*, 6 F.3d at 672 ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Thus, under Rule 9(b), the plaintiff must "'inform each defendant separately of the allegations surrounding his alleged participation in the fraud," and "'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (first quoting *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F.Supp. 1437, 1439 (M.D. Fla.1998); and then quoting *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (alterations in original)).

Here, Plaintiffs have not sufficiently pleaded the "who, what, when, where, and how" of Freeman's allegedly fraudulent activity. *Vess*, 317 F.3d at 1106. As to many allegedly fraudulent misrepresentations and omissions, Plaintiffs allege that "*Defendants* intentionally concealed and failed to disclose material facts from Plaintiffs," (Compl. ¶ 38, emphasis added), failing to distinguish "who" made what statements. (*See also id.* ¶ 40 ("Freeman and other JW attorneys made affirmative misrepresentations, including during the run-up to mediation, that

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                                Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

the Texas bankruptcy was proper, fair, and binding on Plaintiffs' California claims, that Judge Jones's orders were lawful and enforceable, that Plaintiffs would never win before Judge Jones, that continuing to litigate in California would expose Plaintiffs to contempt or sanctions, and that dismissal of their California claims and release in a Texas bankruptcy was their only realistic option.").)  Rule 9(b) requires Plaintiffs to give Freeman notice of the particular misrepresentations or omissions attributable to her so she may defend herself.  *See Vess*, 317 F.3d at 1106; *Bly-Magee v. California*, 236 F.3d at 1019.

The court would further find that other of Plaintiffs' claims, even some not subject to Rule 9(b), also fail to sufficiently allege what Freeman specifically did wrong or plausibly allege that Freeman caused Plaintiffs' injury (instead impermissibly treating Defendants collectively).  (*See* Mot. at 11-12; Reply at 13-15.)

## IV.     Disposition

For the reasons set forth above, the Motion is **GRANTED**.  If Plaintiffs believe they can amend the Complaint to remedy the deficiencies identified in this Order (and any others identified in the Motion and Reply that the court did not specifically address in this Order), Plaintiffs shall file an amended complaint on or before **July 8, 2026.  Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action without prejudice without further notice for failure to prosecute and/or comply with a court order.**  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR                          Date: June 9, 2026
Title: Bahar Dejban *et al.* v. Elizabeth Carol Freeman *et al.*

("District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").