UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11662-MEMF-AJR Date: August 12, 2026
Title: Bahar Dejban *et al*. v. Elizabeth Carol Freeman *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO REMAND [41] AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [42] [44]**

Before the court are three motions: a motion to remand (Dkt. 41 ("Motion to Remand" or "MTR:)) and two motions to dismiss the First Amended Complaint (Dkts. 42, 44 (together, "Motions to Dismiss"). The court turns first to the Motion to Remand. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have originally been filed in federal court. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Defendants removed this case contending that the court has diversity jurisdiction. (*See generally* NOR.) "Jurisdiction founded on 28 U.S.C. § 1332," or diversity jurisdiction," requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The "complete diversity" requirement means that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The

diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). The citizenship of a partnership, limited liability company, or other unincorporated association, is determined by the citizenship of each of the partners, including limited partners, or members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. The citizenship of a corporation is determined from both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). And the citizenship of a natural person is determined by their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

In representing that complete diversity exists, among other facts, Defendants stated in the Notice of Removal as follows:

> Plaintiffs allege in their Complaint, on information and belief, that one of Jackson Walker's partners, Russell A. Miller, is domiciled in California, and is a citizen of both California and Texas. [Complaint, ¶ 10.] In fact, Mr. Miller is a partner in name only. He does not have an equity interest in the partnership, has no right to share in the partnership's profits (or losses) and, other than the opportunity to attend meetings unless the Management Committee decides otherwise or vote on certain non-equity partner personnel decisions, he has no right to participate in the partnership's governance. Also, unlike equity partners whose partnership distributions are reported on Schedule K-1, Mr. Miller's income is reported on Form W-2 as compensation paid to an employee for tax purposes. Further, among other notable distinctions, Mr. Miller does not have any obligation to provide capital to the firm and does not have to guaranty or be a party to any obligations of the firm. Under applicable law, Mr. Miller is an employee and not a general, limited, or equity partner, and his

> citizenship is not attributable to Jackson Walker for purposes of diversity jurisdiction.

(Dkt. 1 ¶ 8(e).) In the Motion to Remand, Plaintiffs challenge these facts and their legal effect, arguing that Defendants' "proposition" that Mr. Miller "is a 'partner in name only' . . . is inconsistent with controlling Supreme Court authority," and "Defendants have neither established complete diversity nor supported their jurisdictional allegations with competent proof," so "[t]his action must be remanded to the Superior Court of California under 28 U.S.C. § 1447(c)." (Mot. at 5.)

"[T]he burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, "[t]he removal statute is strictly construed against removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

This case is assigned to, and the Motion to Remand was filed and noticed for a hearing before, Judge Maame Ewusi-Mensah Frimpong. Early in this case, Judge Frimpong "referred counsel to the Court's Initial Standing Order found on the Court's website under Judge Frimpong's Procedures and Schedules." (Dkt. 8.) She advised, "Please read the Standing Order carefully. It is the responsibility of the parties to maintain familiarity with the Standing Order and any future amendments that the Court may issue by periodically checking the Court's website for the operative version of the Standing Order." (*Id.*) Judge Frimpong's Civil

Standing Order requires that oppositions "[m]ust be filed no later than fourteen (14) days after the filing of the initial Motion." (Civil Standing Order at 6.) The parties have complied with Judge Frimpong's Civil Standing Order in connection with previous motion practice in this case. (*Compare, e.g.*, Dkt. 20 *with* Dkt. 22.) Nevertheless, now, four weeks after the filing of the Motion to Remand, no opposition to the Motion to Remand has been filed. The Central District of California's Local Rules state that, except as to summary judgment motions, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Here, the court deems Defendants' failure to file any opposition to the Motion to Remand, timely or otherwise, as consent to the court granting the Motion. *See id.*; *see also, e.g.*, *Open Door Prop. Tr. 1 v. Zhang*, 2025 WL 2926752, at *1 (C.D. Cal. Oct. 10, 2025) (granting motion to remand as unopposed when party failed to comply with Judge Frimpong's Civil Standing Order); *cf. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal of complaint based on local rule deeming plaintiff's failure to file an opposition to defendants' motion to dismiss as consenting to granting the motion); *Emiabata v. BB&T Branch Banking*, 840 F. App'x 258 (9th Cir. 2021) (holding "[t]he district court did not abuse its discretion by dismissing [plaintiff's] action because [plaintiff] failed to oppose defendants' motion to dismiss"); *Goulatte v. Cnty. of Riverside*, 587 F. App'x 374, 376 (9th Cir. 2014) (noting "the district court did not abuse its discretion in applying Local Rule 7-12 and granting dismissal"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (collecting cases).

In addition, as noted, "in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Here, the court concludes that Defendants have failed to meet their burden to show by a preponderance of the evidence that the court has diversity jurisdiction over this case. The membership of the relevant limited liability partnership "is in dispute." *Dragani v. Genesse Valley Invs.*, 2011 WL 2491066, at *4

(D.N.J. June 6, 2011), *report and recommendation adopted*, 2011 WL 2472770 (D.N.J. June 20, 2011). "To the extent there is any uncertainty as to the citizenship of an" entity, the issue must be decided in favor of remand. *Id.*; *see Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Here, "[b]ecause it is unclear whether [the limited liability partnership] is a [California] citizen, Defendants have failed to carry their burden of showing complete diversity between the parties in this case." *Beasley Forest Prods., Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1373 (S.D. Ga. 2021). Accordingly, the court finds Defendants "have not overcome the 'strong presumption' against federal jurisdiction and ha[s] not met their burden of proving that removal was proper." *Clapick v. First Nat. Bank of Arizona*, 2012 WL 2357364, at *1 (D. Ariz. June 20, 2012).

The court will not grant every request in the Motion to Remand, however. Plaintiffs ask the court to award fees and costs under § 1447(c). (Motion to Remand at 16.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Based on the record, including the fact that the parties briefed and the court decided a motion to dismiss before the issue of the court's subject matter jurisdiction was ever raised, the court exercises its discretion to decline awarding fees here.

For all of the foregoing reasons, based on the state of the record, as applied to the relevant law, the court **GRANTS** the Motion to Remand, and **REMANDS** this action to Los Angeles County Superior Court as case number 25STCV31899. The Motions to Dismiss are

**DENIED AS MOOT**. Each party shall bear its own fees and costs with respect to these matters.

Finally, the court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearings** set for **September 10, 2026**, and **November 5, 2026**, are **VACATED** and **OFF CALENDAR**.